IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HAROLD LLOYD QUEEN,**
   **Petitioner,**

v.              **Civil Action No. 3:18-CV-133**
                  **(GROH)**

**WARDEN SAAD,**
   **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 17, 2019, Petitioner, then an inmate at the Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] ECF Numbers cited herein refer to Case No. 3:18-CV-133, unless otherwise noted.

## II. PROCEDURAL HISTORY

### A. Petitioner's Conviction and Sentence[2]

On June 30, 1999, in the District of Maryland, Petitioner was charged in Count 1 of a multi-defendant indictment with a drug trafficking offense, in violation of 21 U.S.C. § 846. ECF No. 1. Following his conviction, on September 19, 2000, Petitioner was sentenced to imprisonment for a total term of 262 months, to run concurrently with a state sentence which the Petitioner was then serving. ECF No. 218.

### B. Petitioner's Direct Appeal

Although Petitioner filed an appeal with the Fourth Circuit Court of Appeals, in that court's docket number 00-4708, he later filed a motion to dismiss the case, which motion was granted on November 2, 2000. ECF No. 223.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief

On January 16, 2002, Petitioner filed a motion pursuant to § 2255, which was denied as untimely by order entered January 29, 2002. ECF Nos. 266, 272. Petitioner filed a second motion pursuant to § 2255 on July 31, 2002, which was also dismissed on September 12, 2002. ECF Nos 281, 285.

### D. Instant § 2241 Petition

Petitioner filed his petition pursuant to § 2241 and memorandum in support thereof in this Court on August 17, 2018, and raised various grounds for relief. ECF Nos. 1, 1-1. The sole ground for relief raised in Petitioner's amended petition, memorandum of law

---

[2] Unless otherwise noted, the facts in sections II.A., II.B., and II.C. refer to the docket in Petitioner's criminal case, docket number 1:99-CR-274 in the District of Maryland, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and exhibits filed on September 17, 2018, is that a misapplication of the Guidelines resulted in an improperly enhanced sentence. ECF No. 8 at 5, 8-14. The petition requested that Petitioner be granted immediate release. Id. at 8.

### III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV.  ANALYSIS

Petitioner, federal inmate number 33756-037, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) [sh]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service,[3] Petitioner was released from BOP custody on August 9, 2019.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States. In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all

---

[3] Federal Bureau of Prisons Inmate Locator, *https://www.bop.gov/inmateloc/*.

in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this Court lacks jurisdiction, this court cannot entertain the petition.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

4

Because the Petitioner's address on the docket is still listed as Hazelton Secure Female Facility, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date.  The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 4, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE